## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, 200 Constitution Avenue, N.W., Washington, D.C. 20210 <br><br> Plaintiff, <br><br> v. <br><br> GRAND LODGE OF THE BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYES, AFL-CIO, 26555 Evergreen Road, Suite 200 Southfield, Michigan 48076-4225 <br><br> Defendant. | ) ) ) ) CIVIL ACTION ) ) NO. 03 - 72597 ) ) ) PATRICK J. DUGGAN ) ) ) MAGISTRATE JUDGE CAPEL ) ) ) |

### COMPLAINT

Plaintiff Elaine L. Chao, Secretary of Labor alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act") for a judgment declaring that defendant's July 9, 2002, election for the offices of Grand Lodge President, Grand Lodge Secretary-Treasurer, and Canadian Grand Lodge Vice-President are void, and directing defendant Grand Lodge of the Brotherhood of Maintenance Way Employes to conduct a new election for these offices under plaintiff's supervision, and for other appropriate relief.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1345, and 29 U.S.C. § 482(b).

3. Venue lies in the district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 482(b).

## PARTIES

4. Plaintiff Elaine L. Chao is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action by 29 U.S.C. § 482(b).

5. Defendant is an unincorporated association residing in the County of Oakland, within the Eastern District of Michigan.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, an International labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(a) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(a)).

7. On July 9, 2002, defendant, purporting to act pursuant to its Constitution and Bylaws, conducted an election of officers, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481 - 484).

8. By letter dated August 9, 2002, to the International President, the complainant, Jedd Dodd, a member in good standing of defendant, protested the defendant's July 9, 2002, election of officers.

9. By letter dated August 30, 2002, to the International President, the complainant, G.D. Housch, a member in good standing of defendant, protested the defendant's July 9, 2002, election of officers.

10. By letter dated February 13, 2003, to complainants, Grand Lodge President Mac A. Fleming dismissed both protests.

11. Having exhausted the remedies available, the complainants filed a timely complaint with the Secretary of Labor on March 10, 2003, in accordance with section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

2

12. By letter dated March 27, 2003, the defendant agreed that the time within which the plaintiff may bring suit with respect to the defendant's July 9, 2002, election be extended to June 30, 2003. By letter dated June 19, 2003, the defendant agreed that the time within which the plaintiff may bring suit be extended to July 7, 2003.

13. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) violations of Title IV of the Act (29 U.S.C. §§ 481 -484) had occurred in the conduct of the defendant's July 9, 2002, election; and (2) such violation had not been remedied at the time of the institution of this action.

14. Section 401(g) of the Act (29 U.S.C. § 481(g)) was violated in the conduct of the defendant's election when union funds were used to promote the candidacy of Ken Deptuck for Canadian Grand Lodge Vice President in that he used union office equipment and secretarial help to prepare and electronically transmit campaign literature.

15. Section 401(g) of the Act (29 U.S.C. § 481(g)) was violated in the conduct of the defendant's election when union funds were used to promote the candidacy of Freddie Simpson for Grand Lodge Secretary-Treasurer in that he used union office equipment to prepare campaign literature.

16. Section 401(g) of the Act (29 U.S.C. § 481(g)) was violated in the conduct of the defendant's election when employer funds were used to promote the candidacy of Mac Fleming for Grand Lodge President in that an employer paid the expenses of the candidate's campaign consultant.

17. Upon information and belief, the violations of section 401(g) of the Act (29 U.S.C. § 481(g)) affected the outcome of the July 9, 2002, election for the offices of Grand Lodge President, Grand Lodge Secretary-Treasurer, and Canadian Grand Lodge Vice-President.

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment:

(a) declaring the defendant's election for the offices of Grand Lodge President, Grand Lodge Secretary-Treasurer and Canadian Grand Lodge Vice-President to be null and void;

(b) directing the defendant to conduct a new election for the offices of Grand Lodge Secretary-Treasurer and Canadian Grand Lodge Vice-President under the supervision of the plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Respectfully submitted,

HOWARD M. RADZELY
Acting Solicitor of Labor

JEFFERY G. COLLINS
United States Attorney

RICHARD J. FIORE
Regional Solicitor

LEONARD GROSSMAN
Trial Attorney
Office of the Solicitor
230 S. Dearborn, Room 844
Chicago, IL 60604

PETER A. CAPLAN (P30643)
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-9784

U.S. Department of Labor
Of Counsel

Attorneys for Plaintiff

Dated: JULY 7, 2003

4