# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ELAINE CHAO, Secretary of Labor, : | |
| *Plaintiff*, : | |
| : | |
| and : | Civil Action |
| : | No. 03-72597 |
| JED DODD; and GARY D. HOUSCH, : | |
| *Plaintiffs-Intervenors*, : | |
| : | Hon. Avern Cohn |
| *v*. : | |
| : | |
| GRAND LODGE OF THE BROTHERHOOD : | |
| OF MAINTENANCE OF WAY EMPLOYES, : | |
| AFL-CIO, : | |
| *Defendant*. : | |

## STIPULATION OF SETTLEMENT

The subject action was initiated as a result of plaintiff's investigation of the July 9, 2002, election of officers of the defendant, Grand Lodge of the Brotherhood of Maintenance of Way Employes ("BMWE"), under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, (hereinafter referred to as the "Act") (29 U.S.C. 481 et seq.).

The plaintiff, plaintiffs-intervenors and the defendant, through their undersigned counsel, hereby stipulate and agree to the settlement of this action and to entry of an order in accordance with the terms and conditions set forth below. Entry of this stipulation does not constitute an admission by the defendant of the violations alleged in the complaint.

1. On July 7, 2003, the Secretary filed a complaint pursuant to Title IV of the Act seeking an order declaring the defendant's July 9, 2002, election for the offices of Grand Lodge President, Grand Lodge Secretary-Treasurer, and one Canadian Grand Lodge Vice-President to

be void and directing the defendant to conduct a new election for the aforementioned offices under the plaintiff's supervision.

    2.    The plaintiff, plaintiff-intervenors and the defendant hereby agree to entry of an order declaring the July 9, 2002, election for the above mentioned offices to be void.   The plaintiff, plaintiff-intervenors and the defendant further agree as follows:

    (a)    Nominations and an election for the aforementioned offices of the BMWE shall be conducted under the supervision of the plaintiff, subject to the provisions of Paragraph 4 hereof. Voting in the supervised election is to be concluded no later than December 31, 2004, or as soon thereafter as is deemed practicable by the plaintiff, and shall be conducted by mail. The nominations and election shall be conducted in accordance with Title IV of the Act (29 U.S.C. Sec. 481 et seq.), the provisions of this Stipulation, and, insofar as lawful and practicable, in accordance with the constitution and bylaws of the BMWE.

    (b)    The electors in the supervised election shall be the delegates or alternates elected by the membership and accredited as delegates at the 2002 quadrennial convention of the BMWE.  If an accredited delegate to that convention is no longer able to serve, he or she will be replaced by his or her alternate, if available. Should any alternate not be available or able to serve, a replacement will be elected under the supervision of the plaintiff.  All delegates, alternates and replacement delegates must have been or be elected in accordance with the provisions of Section 401(d) of the Act (29 U.S.C. Sec. 481(d)). Determinations of eligibility shall be made by the plaintiff.

    3.    (a)    It is recognized that the Canadian Industrial Relations Board ("CIRB") has determined that certain maintenance of way employees of the Canadian Pacific Railroad are

now represented by a subdivision of the International Brotherhood of Teamsters known as the Canada Rail Conference ("Teamsters Canada Rail Conference");

(b) It is further recognized that the CIRB has before it a dispute as to whether certain maintenance of way employees of the Canadian National Railroad will be represented by the Teamsters Canada Rail Conference or by the United Steelworkers of America ("Steelworkers");

(c) It is also recognized that there remain a number of members of the BMWE who are employed by Canadian employers whose status as being represented by and members of the BMWE has not been and/or will not be determined by the proceedings before the CIRB referred to in paragraphs 3(a) and 3(b), but whose status as being represented by the BMWE will be determined by other proceedings pending before the CIRB and/or Canadian courts in connection with a Transfer of Jurisdiction Agreement.

(d) It is further recognized that the BMWE has entered into a tentative merger agreement with the International Brotherhood of Teamsters ("IBT" or "Teamsters"), subject to membership approval, whereby the BMWE membership in the United States would become a separate division within the IBT Rail Conference. That tentative agreement with the IBT also reaffirms a Transfer of Jurisdiction Agreement whereby the remaining Canadian employer BMWE membership transfer to the Teamsters Canada Rail Conference, which is separate and distinct from the IBT Rail Conference in which the BMWE will be a separate division. The tentative merger agreement, if approved by the BMWE membership, would modify the BMWE's Constitution and Bylaws by, *inter alia*, eliminating Vice-President positions nominated by the Canadian membership.

4. (a) If the membership or representation status of the remaining BMWE members who are employed by Canadian employers has not been determined as of a cutoff date set by the election supervisor as necessary to complete elections by December 31, 2004, or if the merger of the BMWE and the IBT has not been approved by final membership vote as of the cutoff date, the office of Canadian Vice-President will be included in the supervised election. Also, if there are members employed by Canadian employers as of the cutoff date and the merger of the BMWE and the IBT has not been approved by a final membership vote as of the cutoff date, delegates representing the remaining members employed by Canadian employers will be permitted to vote in the supervised election for all three offices. If there are no remaining members employed by Canadian employers as of the cutoff date, or if the BMWE-IBT merger has been approved by the BMWE membership as of the cutoff date, the office of Canadian Vice-President will not be included in the supervised elections and Canadian delegates will not be permitted to vote.

(b) Ballots submitted by Canadian delegates will be color coded or otherwise identified. If there are no remaining members employed by Canadian employers or if the BMWE-IBT merger has been approved by the BMWE membership as of the date of the vote count by the election supervisor, the office of Canadian Vice-President will not be filled and any ballots submitted by Canadian delegates will not be counted in the election of the President and Secretary-Treasurer.

5. All decisions as to the interpretation or application of Title IV of the Act and the Constitution and Bylaws of the BMWE relating to the supervised election and nominations are to be determined by the plaintiff.

6.	This Court shall retain jurisdiction of this action. After completion of the election, the plaintiff shall certify to the Court the names of the persons elected to each office and certify that the election was conducted in accordance with Title IV of the Act, the provisions of this Stipulation and, insofar as lawful and practicable, the Constitution and Bylaws of the BMWE. The duly certified elected officers shall serve until the next regularly scheduled election following the subject elections in accordance with Constitution and Bylaws of the BMWE. Upon approval of such certification, the Court shall enter an Order declaring that such persons have been elected.

7.	Each party hereby agrees to bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date.

| | |
|---|---|
| s/with consent of John O'B. Clarke, Jr. | s/Peter A. Caplan |
| JOHN O'B. CLARKE, JR. | PETER A. CAPLAN |
| Attorney for Defendant | Attorney for Plaintiff |
| Highsaw, Mahoney & Clarke, P.C. | United States Attorney's Office |
| Suite 590 | 211 W. Fort Street, Suite 2001 |
| 1050 Seventeenth Street, N.W. | Detroit, MI 48226 |
| Washington, D.C. 20036 | Phone: (313) 226-9784 |
| (202) 296-8500 | peter.caplan@usdoj.gov |
| | P-30643 |
| Dated: 08/26/04 | Dated: 09/01/04 |

| | |
|---|---|
| s/with consent of Stuart M. Israel<br>STUART M. ISRAEL (P15359)<br>Attorney for Defendant<br>Martens, Ice, Klass, Legghio<br>   Israel & Gorchow<br>306 South Washington, Ste. 600<br>Royal Oak, MI 48067<br>(248) 398-5900<br><br>Dated: 08/26/04 | s/with consent of Leonard Grossman<br>LEONARD GROSSMAN<br>Trial Attorney<br>Office of the Solicitor<br>U.S. Department of Labor<br>230 S. Dearborn Street, Room 844<br>Chicago, IL 60604<br>(312) 353-5709<br><br>Dated: 09/01/04 |

s/with consent of Patrick E. Cafferty
PATRICK E. CAFFERTY
Miller, Faucher & Cafferty, LLP
Attorneys for Intervening Plaintiffs
101 N. Main Street
Ann Arbor, MI 48104
(734) 769-2144

Dated: 08/31/04

s/with consent of Theodore M. Lieverman
THEODORE M. LIEVERMAN
Attorney for Intervening Plaintiffs
Spector, Roseman & Kodroff
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Dated: 08/31/04